UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
ANTHONY PAGANAS,

                                                                   **Docket No. 15-cv-05424**

                            **Plaintiff,**
          v.

                                                                    **ANSWER**
TOTAL MAINTENANCE SOLUTION, LLC,            **AND**
ARON WEBER and REGGIE TARTAGLIONE,   **THIRD-PARTY COMPLAINT**


                            **Defendants.**

          v.

ST. JOHN'S UNIVERSITY, NEW YORK,

            **Third-Party Defendant.**
-------------------------------------------------------------X

      Defendants Total Maintenance Solution, LLC, Aron Weber and Reggie Tartaglione, by and through their attorneys, Milman Labuda Law Group PLLC, hereby answer the Complaint of Plaintiff Anthony Paganas as follows:

1.     The allegations contained in paragraph 1 of the Complaint are mere descriptions of the action to which no response is required or made. To the extent that a response is required, Defendants hereby deny the truth of the allegations contained in paragraph 1 of the Complaint.

2.     The allegations contained in paragraph 2 of the Complaint are mere descriptions of the action to which no response is required or made. To the extent that a response is required, Defendants hereby deny the truth of the allegations contained in paragraph 2 of the Complaint.

## PARTIES

3.     Defendants hereby admit the truth of the allegations contained in paragraph 3 of the Complaint.

4. Defendants hereby deny the truth of the allegations contained in paragraph 4 of the Complaint.

5. Defendants hereby admit the truth of the allegations contained in paragraph 5 of the Complaint.

6. Defendants hereby deny the truth of the allegations contained in paragraph 6 of the Complaint.

7. Defendants hereby deny the truth of the allegations contained in paragraph 7 of the Complaint.

8. Defendants hereby deny the truth of the allegations contained in paragraph 8 of the Complaint.

9. Defendants hereby deny the truth of the allegations contained in paragraph 9 of the Complaint.

10. Defendants hereby deny the truth of the allegations contained in paragraph 10 of the Complaint.

11. Defendants hereby deny the truth of the allegations contained in paragraph 11 of the Complaint.

12. Defendants hereby deny the truth of the allegations contained in paragraph 12 of the Complaint.

13. Defendants hereby deny the truth of the allegations contained in paragraph 13 of the Complaint.

14. Defendants hereby deny possession of knowledge and information sufficient to form a belief concerning the truth of the allegations contained in paragraph 14 of the Complaint.

15. The allegations contained in paragraph 15 of the Complaint are mere conclusions of law to which no response is required or made. To the extent that a response is required, Defendants hereby deny the truth of the allegations contained in paragraph 15 of the Complaint.

## JURISDICTION AND VENUE

16. Defendants hereby admit the truth of the allegations contained in paragraph 16 of the Complaint.

17. Defendants hereby deny the truth of the allegations contained in paragraph 17 of the Complaint.

18. Defendants hereby deny the truth of those allegations contained in paragraph 18 of the Complaint that allege that unlawful employment practices have occurred. Defendants hereby admit the truth of the balance of the allegations contained in paragraph 18 of the Complaint.

19. Defendants hereby deny the truth of the allegations contained in paragraph 19 of the Complaint.

20. Defendants hereby deny the truth of the allegations contained in paragraph 20 of the Complaint.

21. Defendants hereby deny the truth of the allegations contained in paragraph 21 of the Complaint.

## FACTS

22. Defendants hereby admit the truth of those allegations contained in paragraph 22 of the Complaint that allege that Plaintiff worked at St. John's University as a "Building Manager Supervisor" since July of 2007. Defendants hereby deny the truth of the balance of the allegations contained in paragraph 22 of the Complaint.

23. Defendants hereby deny the truth of the allegations contained in paragraph 23 of the Complaint.

24. Defendants hereby deny the truth of the allegations contained in paragraph 24 of the Complaint.

25. Defendants hereby deny the truth of the allegations contained in paragraph 25 of the Complaint.

26. Defendants hereby deny the truth of those allegations contained in paragraph 26 of the Complaint that allege that Defendants' supervisors controlled all employee decisions concerning the hiring, firing and scheduling of Defendants' employee assignments. Defendants hereby admit the truth of the balance of the allegations contained in paragraph 26 of the Complaint.

27. Defendants hereby deny the truth of the allegations contained in paragraph 27 of the Complaint.

28. Defendants hereby admit the truth of those allegations contained in paragraph 28 of the Complaint that allege that the largest portion of the workforce maintained at the St. John's main campus consisted of porters (also referred to as "Maintenance Engineers"). Defendants hereby deny the truth of the balance of the allegations contained in paragraph 28 of the Complaint.

29. Defendants hereby admit the truth of the allegations contained in paragraph 29 of the Complaint.

30. Defendants hereby deny the truth of the allegations contained in paragraph 30 of the Complaint.

31. Defendants hereby deny the truth of the allegations contained in paragraph 31 of the Complaint.

32.     Defendants hereby admit the truth of the allegations contained in paragraph 32 of the Complaint.

33.     Defendants hereby deny the truth of the allegations contained in paragraph 33 of the Complaint.

34.     Defendants hereby deny the truth of the allegations contained in paragraph 34 of the Complaint.

35.     Defendants hereby deny the truth of the allegations contained in paragraph 35 of the Complaint.

36.     Defendants hereby deny the truth of the allegations contained in paragraph 36 of the Complaint.

37.     Defendants hereby deny the truth of those allegations contained in paragraph 37 of the Complaint that allege that Defendants had knowledge that Plaintiff typically worked one or two days in excess of ten hours.  Defendants hereby deny possession of knowledge and information sufficient to form a belief concerning the truth of the balance of the allegations contained in paragraph 37 of the Complaint.

38.     Defendants hereby admit the truth of those allegations contained in paragraph 38 of the Complaint that allege that Plaintiff worked special events during weekend hours.  Defendants hereby deny possession of knowledge and information sufficient to form a belief concerning the truth of the allegations contained in paragraph 38 of the Complaint that allege that the special events could run 8 to 10 hours a day.  Defendants hereby deny the truth of the balance of the allegations contained in paragraph 38 of the Complaint.

39.     Defendants hereby deny the truth of the allegations contained in paragraph 39 of the Complaint.

40. Defendants hereby deny the truth of the allegations contained in paragraph 40 of the Complaint.

41. Defendants hereby deny the truth of the allegations contained in paragraph 41 of the Complaint.

42. Defendants hereby deny the truth of the allegations contained in paragraph 42 of the Complaint.

43. Defendants hereby deny the truth of the allegations contained in paragraph 43 of the Complaint.

44. Defendants hereby deny the truth of the allegations contained in paragraph 44 of the Complaint.

45. Defendants hereby deny the truth of the allegations contained in paragraph 45 of the Complaint.

46. Defendants hereby deny the truth of the allegations contained in paragraph 46 of the Complaint.

47. Defendants hereby deny the truth of the allegations contained in paragraph 47 of the Complaint.

48. Defendants hereby deny the truth of the allegations contained in paragraph 48 of the Complaint.

49. The allegations contained in paragraph 49 of the Complaint are mere conclusions of law to which no response is required or made.  To the extent that a response is required, Defendants hereby deny the truth of the allegations contained in paragraph 49 of the Complaint.

50. The allegations contained in paragraph 50 of the Complaint are mere conclusions of law to which no response is required or made. To the extent that a response is required, Defendants hereby deny the truth of the allegations contained in paragraph 50 of the Complaint.

51. The allegations contained in paragraph 51 of the Complaint are mere conclusions of law to which no response is required or made. To the extent that a response is required, Defendants hereby deny the truth of the allegations contained in paragraph 51 of the Complaint.

52. Defendants hereby deny the truth of the allegations contained in paragraph 52 of the Complaint.

53. The allegations contained in paragraph 53 of the Complaint are mere conclusions of law to which no response is required or made. To the extent that a response is required, Defendants hereby deny the truth of the allegations contained in paragraph 53 of the Complaint.

54. Defendants hereby deny the truth of the allegations contained in paragraph 54 of the Complaint.

## FIRST CAUSE OF ACTION

### Violation of Fair Labor Standards Act

55. Defendants hereby repeat, reiterate and re-allege their responses set forth in paragraphs 1 through 54 as if fully set forth herein.

56. Defendants hereby deny the truth of the allegations contained in paragraph 56 of the Complaint.

57. The allegations contained in paragraph 57 of the Complaint are mere conclusions of law to which no response is required or made. To the extent that a response is required, Defendants hereby deny the truth of the allegations contained in paragraph 57 of the Complaint.

## SECOND CAUSE OF ACTION

### Violation of New York Labor Law

58. Defendants hereby repeat, reiterate and re-allege their responses set forth in paragraphs 1 through 57 as if fully set forth herein.

59. Defendants hereby deny the truth of the allegations contained in paragraph 59 of the Complaint.

60. The allegations contained in paragraph 60 of the Complaint are mere conclusions of law to which no response is required or made. To the extent that a response is required, Defendants hereby deny the truth of the allegations contained in paragraph 60 of the Complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

61. With respect to both causes of action contained in the Complaint, Plaintiff has failed to state claims upon which relief may be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

62. With respect to both causes of action contained in the Complaint, Plaintiff's claims are barred in whole or in part by applicable limitation of time.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

63. With respect to both causes of action contained in the Complaint, Plaintiff's claims must be dismissed because Defendants were not Plaintiff's "employer."

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

64. With respect to both causes of action contained in the Complaint, Plaintiff was "exempt" from overtime requirements under both the Fair Labor Standards Act and the New York Labor Law.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

65. With respect to both causes of action contained in the Complaint, Defendants Aron Weber and Reggie Tartaglione cannot be held liable in their individual capacities pursuant to the doctrine of *respondeat superior.*

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

66. With respect to both causes of action contained in the Complaint, Plaintiff's claims are barred by the doctrine of *laches*.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

67. With respect to both causes of action contained in the Complaint, Plaintiff's claims are barred by the doctrine of "unclean hands."

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

68. With respect to both causes of action contained in the Complaint, Plaintiff's claims are barred by the doctrine of "waiver."

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

69. With respect to both causes of action contained in the Complaint, Plaintiff's claims are barred by the doctrine of "estoppel."

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

70. With respect to both causes of action contained in the Complaint, Plaintiff's claims are barred by the doctrine of "accord and satisfaction."

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

71. With respect to both causes of action contained in the Complaint, Defendants dealt with Plaintiff in good faith.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

72. With respect to both causes of action contained in the Complaint, Plaintiff was paid in full for all money due and owing.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

73. With respect to both causes of action contained in the Complaint, Defendants relied upon applicable law, regulation and applicable precedent.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

74. With respect to both causes of action contained in the Complaint, Plaintiff's claims are barred by failure to exhaust available internal remedies.

WHEREFORE, for all of the reasons set forth above, Defendants Total Maintenance Solution, LLC, Aron Weber and Reggie Tartaglione pray for an Order dismissing the Complaint of Plaintiff Anthony Paganas, and each and every part thereof, and for such other and further relief, including the costs, disbursements and reasonable attorney's fees, as to the Court may seem just and proper.

## THIRD-PARTY COMPLAINT

75. Plaintiff Anthony Paganas has filed a Complaint against Defendants Total Maintenance Solution, LLC, Aron Weber and Reggie Tartaglione, a copy of which is attached as Exhibit A.

76. Plaintiff claims he is owed unpaid wages by the Defendants for work performed at the premises of Third-Party Defendant St. John's University, New York.

77. Defendant Total Maintenance Solution, LLC was under contract to provide, *inter alia,* janitorial services utilizing Maintenance Engineers and Supervisors to Third-Party Defendant St. John's University, New York.

78. The contract between Defendant Total Maintenance Solution, LLC and Third-Party Defendant St. John's University, New York provides, in pertinent part, that St. John's University

shall pay to Defendant Total Maintenance Solution, LLC all costs "related to the payment of Maintenance Engineers and Supervisors."

79. In the event Plaintiff recovers unpaid wages from Defendants, Defendants are entitled to reimbursement and indemnification from Third-Party Defendant St. John's University, New York.

80. This Court has subject matter jurisdiction over this controversy pursuant to 29 U.S.C. § 207 and 215 because Plaintiff brings a claim under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*

81. This Court has supplemental jurisdiction over the Plaintiff's state law claim pursuant to 28 U.S.C. § 1367 because the state law claim arises out of the same case or controversy.

THEREFORE, Defendants Total Maintenance Solution, LLC, Aron Weber and Reggie Tartaglione demand judgment from Third-Party Defendant St. John's University, New York for any and all sums that may be adjudged against the Defendants in the Plaintiff's favor and for such other and further relief as to the Court may seem just and proper.

Dated: November 13, 2015

/s/
Perry S. Heidecker, Esq.
Milman Labuda Law Group PLLC
3000 Marcus Avenue
Lake Success, New York 11042
perryheidecker@mllaborlaw.com
Tel. (516) 328-8899

12