UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------- X
                                                                        :
                                                                        :
ANTHONY PAGANAS,                                                        :
                                                                        :   15-cv-5424-ARR-LB
                    Plaintiff,                                          :
                                                                        :   NOT FOR PRINT OR
      -against-                                                         :   ELECTRONIC PUBLICATION
                                                                        :
TOTAL MAINTENANCE SOLUTION, LLC; ARON                                   :   **OPINION & ORDER**
WEBER; AND REGGIE TARTAGLIONE,                                          :
                                                                        :
                    Defendants.                                         :
                                                                        :
                                                                        :
----------------------------------------------------------------------- X

ROSS, United States District Judge:

      Plaintiff Anthony Paganas brought suit against defendants Total Maintenance Solution, LLC, Aron Weber, and Reggie Tartaglione for failing to pay him overtime under the Fair Labor Standards Act (FLSA) and New York Labor Law (NYLL). At issue here is whether plaintiff falls within those laws' administrative exemptions. Because I cannot conclude at this stage that the administrative exemption covers plaintiff, I deny defendants' motion for summary judgment.

## BACKGROUND

      Plaintiff worked as a building manager for Total Maintenance from 2007 until 2014, managing buildings on the St. John's University campus. Statement of Material Fact ¶¶ 15-16, ECF No. 43 ("SOMF"). Total Maintenance provides janitorial and maintenance services for businesses and institutions. Id ¶ 2. Reggie Tartaglione is the owner and Aron Weber is the managing member of Total Maintenance. Id. ¶¶ 3-4.

      Plaintiff made a yearly salary of $80,000. Id. ¶ 18. He did not record his hours on a time sheet or punch a time clock. Id. ¶¶ 23-24. As a building manager, he was responsible for a number of buildings at St. John's. Tr. of Civil Cause for Mot. 5:5-16, ECF No. 105 ("Oct. 18 Hr'g Tr."). Plaintiff

inspected these buildings and made sure they were cleaned according to St. John's standards. Id. at 7:20-8:15; 19:11-13. Also assigned to plaintiff's buildings were around six cleaners, also known as porters, who had set cleaning routines. Id. at 12:22-13:7; 28:18-29:7. The porters wore uniforms, while plaintiff generally wore a shirt and tie. Id. at 16:2-6; 44:5-9. The porters were members of the Local 32BJ Service Employees International Union; plaintiff was not. Id. at 8:19-9:9. Under the terms of the union's collective bargaining agreement, only union members could perform work covered by the agreement (meaning cleaning work). Id. at 45:2-5; see also 2012 N.Y.C. Independent Contractors Agreement, art. I, § 1 ECF No. 70-1 ("Collective Bargaining Agmt."); cf. Oct. 18 Hr'g Tr. at 44:15-21 (plaintiff's supervisor stating that plaintiff was not expected to perform cleaning routines). Plaintiff testified that his own routine did not call for cleaning bathrooms, hallways, or classrooms. Oct. 18 Hr'g Tr. at 20:18-21:2. At the same time, he stated that if there was cleaning work that needed to be done, he sometimes did it himself. Id. at 31:11-25.

In the context of his work on campus, plaintiff attended management meetings every morning with the four or five other building managers, two union foremen, and Rich Rossi, the director of site maintenance. Id. at 3:5-9; 13:19-14:9; 29:24-25; 30:8-21. At those meetings, Rossi would give plaintiff work orders for specific maintenance tasks to be completed in plaintiff's buildings. Id. at 13:19-14:9. If the task did not require a specialist (such as a carpenter or an electrician), plaintiff would determine which of the porters should perform the task and then direct them to do so, sometimes assisting with the task himself. Id. at 14:10-15:14; see also id. at 19:2-5. He could reshuffle tasks assigned to the porters in his buildings if one of them was absent. Id. at 21:18-23. Plaintiff may or may not have made recommendations concerning disciplinary action against porters. See id. at 16:8-12 (plaintiff saying that he did not make any such recommendations). But see id. at 17:23-18:4; 23:13-16 (plaintiff saying that he did not remember); id. at 46:7-14 (plaintiff's supervisor saying that he did make such recommendations).

2

Plaintiff also performed work at some of St. John's off-campus dorms and sports venues. Id. at 5:14-24, 7:1-3, 7:12-14, 24:5-25:1. Along with non-union personnel from two other companies—Gilbert and Metro—plaintiff would check that the buildings were clean, load and move furniture, assemble bleachers, and perform other similar maintenance. Id. at 23:25-25:13. At sports events, the only other Total Maintenance employee besides plaintiff was an electrician, who plaintiff did not supervise. Id. at 25:14-23. Plaintiff did, however, supervise the non-union personnel working at these events. Id. at 40:8-12. He did not have the authority to force the other companies to send more personnel to work the events. See id. at 38:1-8. Plaintiff performed these off-campus duties for three to four hours at least weekly, if not daily. Id. at 25:24-26:17. Plaintiff alleges that when he worked overtime, he did so on his own initiative to ensure that things were done properly in the buildings under his supervision. Id. at 37:4-23.

Overall, plaintiff claims that he spent ninety percent of his time doing manual work. Tr. of Civil Cause for Mot. 8:8-11, ECF No. 104 ("Oct. 17 Hr'g Tr."). Defendants dispute this. Tr. of Mot. 14:20-15:1, ECF 109 ("Feb. 17 Hr'g Tr."); Mem. of Law 6, ECF No. 113 ("Defs.' Br."). Plaintiff later clarified that he "supervised all the time, but . . . also did work about 90 percent of the time." Feb. 17 Hr'g Tr. 15:8-9.

Plaintiff filed suit in September 2015, alleging overtime violations of the FLSA and NYLL. Compl. ¶¶ 55-60, ECF No. 1.

Defendants moved for summary judgment in September 2016. The Honorable Judge Weinstein granted that motion, holding in part that plaintiff was not entitled to overtime pay because he fell within the FLSA and NYLL's executive exemptions. Judgment, Memorandum, and Order 24, ECF No. 100. Plaintiff appealed and, in March 2018, the Second Circuit vacated the order, holding that there was a genuine dispute of material fact as to whether the executive exemption applied.

3

Summ. Order 9, ECF No. 110.[1]  It therefore remanded the case to the district court to determine whether defendants were entitled to summary judgment under the administrative exemption.  Id. at 10.  Upon remand, the case was reassigned to me to consider this question.

**DISCUSSION**

For the reasons discussed below, I deny defendants summary judgment because I cannot conclude at this stage that plaintiff fell within the FLSA or NYLL's administrative exemptions.

**A. Summary Judgment Standard**

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact" and that it "is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A material fact is one that "can affect the outcome under the applicable substantive law."  Graham v. Henderson, 89 F.3d 75, 79 (2d Cir. 1996) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)).  A genuine dispute is one that can "reasonably be resolved in favor of either party."  Anderson, 477 U.S. at 250.  In performing this analysis, I must resolve all ambiguities in favor of the non-moving party.  Gallo v. Prudential Residential Servs., 22 F.3d 1219, 1223 (2d Cir. 1994).  "If, in this generous light, a material issue is found to exist, summary judgment is improper."  Eastway Constr. Corp. v. City of New York, 762 F.2d 243, 249 (2d Cir. 1985) (citing Schering Corp. v. Home Ins. Co., 712 F.2d 4, 9 (2d Cir. 1983)).

The moving party may show that there is no genuine dispute "by showing that little or no evidence may be found in support of the nonmoving party's case."  Gallo, 22 F.3d at 1223-24 (citing Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986)).  If the moving party meets this burden, the non-moving party "must come forward with specific facts showing that there is a genuine issue for trial."  LaBounty v. Coughlin, 137 F.3d 68, 73 (2d Cir. 1998) (citing Rexnord Holdings, Inc. v. Bidermann,

---

[1] The order discussed only the FLSA, because the NYLL "applies the same exemptions as the FLSA."  Id. at 5 (quoting Reisbeck v. Universal Commc'ns of Miami, Inc., 591 F.3d 101, 105 (2d Cir. 2010)).  There was therefore no need for a separate NYLL analysis.  The same is true here.

4

21 F.3d 522, 525-26 (2d Cir. 1994)). The non-moving party "'must do more than simply show that there is some metaphysical doubt as to the material facts,' and 'may not rely on conclusory allegations or unsubstantiated speculation.'" Brown v. Eli Lilly & Co., 654 F.3d 347, 358 (2d Cir. 2011) (citations omitted) (quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986), and F.D.I.C. v. Great Am. Ins. Co., 607 F.3d 288, 292 (2d Cir. 2010)). If "no rational finder of fact 'could find in favor of the nonmoving party because the evidence to support its case is so slight,' summary judgment must be granted." Id. (quoting Great Am. Ins. Co., 607 F.3d at 292).

### B. Administrative Exemption

Under the FLSA, the minimum wage and overtime provisions do not apply to "any employee employed in a bona fide . . . administrative . . . capacity." 29 U.S.C. § 213(a)(1). An employee works in a bona fide administrative capacity if (1) he is "[c]ompensated on a salary basis at a rate of not less than $455 per week," (2) his "primary duty is the performance of office or non-manual work directly related to the management or general business operations of the employer or the employer's customers," and (3) his "primary duty includes the exercise of discretion and independent judgment with respect to matters of significance." 29 C.F.R. § 541.200(a). The burden is on the employer to demonstrate that an employee qualifies for this exemption. Havey v. Homebound Mortg., Inc., 547 F.3d 158, 163 (2d Cir. 2008).

Federal regulations define the terms "directly related to management or general business operations," "discretion and independent judgment with respect to matters of significance," "salary basis," and "primary duty." 29 C.F.R. §§ 541.201-541.202, 541.602, 541.700.

An employee is paid on a salary basis when, each pay period, he is paid "a predetermined amount," "not subject to reduction because of variations in the quality or quantity of the work performed." Id. § 541.602(a).

An employee's "primary duty" is the "principal, main, major or most important duty that [he] performs . . . based on all the facts in a particular case." Id. § 541.700(a). Some relevant factors are "the employee's relative freedom from direct supervision[,] the relationship between the employee's salary and the wages paid to other employees for the kind of nonexempt work performed by the employee," "the relative importance of the exempt duties as compared" to other duties, and "the amount of time spent performing exempt work." Id. The amount of time is not dispositive. Exempt work that takes up more than half of the employee's time generally constitutes a primary duty—but so does exempt work that takes up less than half of the employee's time, provided "other factors support such a conclusion." Id. § 541.700(b).

Work "directly relate[s] to the management or general business operations of the employer or the employer's customers" when it "directly relate[s] to assisting with the running or servicing of the business, as distinguished, for example, from working on a manufacturing production line or selling a product in a retail or service establishment." Id. § 541.201(a). This may include, among other things, "quality control" and "personnel management." Id. § 541.201(b).

Work "include[s] the exercise of discretion and independent judgment with respect to matters of significance" when it involves making decisions after comparing and evaluating "possible courses of conduct" on matters that are of sufficient "importance or consequence" to the business. Id. § 541.202(a). Relevant factors include—among others—"whether the employee carries out major assignments in conducting the operations of the business," "whether the employee has authority to commit the employer in matters that have significant financial impact," and "whether the employee has authority to waive or deviate from established policies and procedures without prior approval." Id. § 541.202(b). An employee does not meet this element "merely because the employer will experience financial losses if the employee fails to perform the job properly." Id. § 541.202(f).

6

## C. Application

I deny summary judgment at this stage because there are material factual disputes going to whether plaintiff's primary duty was the performance of non-manual work directly related to the management or general business operations of Total Maintenance. I therefore cannot conclude plaintiff falls within the administrative exemption.

As the Second Circuit observed in the context of the executive exemption, plaintiff and defendants disagree as to how much time plaintiff spent performing "non-supervisory physical cleaning." Summ. Order 7. This dispute goes to the heart of defendants' ability to demonstrate that plaintiff's management duties were "the principal, main, major or most important" ones that he performed. 29 C.F.R. § 541.700(a).

Defendants argue that even if plaintiff did spend ninety percent of his time on manual work, he was still covered by the administrative exemption because his non-manual work was his most important work. See Defs.' Br. 6-7. Plaintiff's "chief value" as an employee, defendants contend, was in the performance of his management duties—deciding which cleaners should do which work and then inspecting their work for deficiencies. Id. at 6. According to defendants, "the vast disparity in pay between [plaintiff] and the cleaners and the fact that he wore a shirt and tie instead of a uniform" reinforce this conclusion. Id. at 7. Defendants are correct that the amount of time an employee spends on a given duty is not dispositive. 29 C.F.R. § 541.700(b). But it is a relevant—and important—factor. Exempt work that takes up less than half of the employee's time may qualify as an employee's primary duty only if "other factors support such a conclusion." Id. § 541.700(b). Presumably the less non-manual work the employee does, the stronger those other factors must be to support a finding that the non-manual work was the employee's primary duty.

Ultimately, the primary-duty determination is highly context specific and depends "on all the facts in a particular case." Id. § 541.700(a). Where, as here, a major element of the determination is

7

disputed, summary judgment is improper. Without knowing how much time plaintiff spent performing cleaning work versus management work, I cannot decide whether the management work was his primary duty.

## CONCLUSION

For the reasons discussed above, I cannot conclude that plaintiff was not entitled to overtime compensation under the administrative exemption. I therefore deny defendants summary judgment on this issue.

So ordered.


Dated:  June 5, 2018                                                          ___s/ Allyne R. Ross_____
       Brooklyn, NY                                                      Allyne R. Ross
                                                                                 United States District Judge