# LAW OFFICE OF ROBERT S. POWERS
## 1540 August Road
## North Babylon, NY 11703
## 631-940-7121

January 15, 2019

**VIA ECF**

Hon. Allyne R. Ross
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:   *Paganas v. Total Maintenance Solution LLC. et al.*
      Case No. 15-cv-5424-ARR/LB

Your Honor:

 This office represents Plaintiff Anthony Paganas ("Plaintiff Paganas") in the above-referenced matter. We submit this letter, together with Defendants' counsel, to respectfully request that the Court approve the settlement reached between Plaintiff Paganas and Defendants Total Maintenance Solution, LLC, Aron Weber and Reggie Tartaglione (the "Defendants," and together with Plaintiff, the "Settling Parties").

 The Settling Parties have agreed to a negotiated Settlement Agreement (the "Agreement") after extensive discussions and a settlement conference before the Hon. Lois Bloom, U.S.M.J. The proposed Agreement is attached hereto as **Exhibit A.** We therefore ask the Court to approve the settlement, pursuant to Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015).

 The Settling Parties represent to the Court that while the Plaintiff Paganas believes that the settlement amount is less than what he would be entitled to if he prevailed at trial, the settlement is nevertheless fair, as discussed herein.

**Background**

 Plaintiff Paganas was employed by Defendants as a building manager at the St. John's Campus at 8000 Utopia Parkway, Jamaica Estates, New York. Plaintiff Paganas was employed by Defendants from approximately July 1, 2007 until on or about May 31, 2014. During his entire term of employment with Defendants, Plaintiff Paganas alleged that he typically worked 50 hours per week. In addition to the 50 hours, Plaintiff also worked additional hours setting up and taking down events at the St. John's campus. Throughout his employment with Defendants, Plaintiff Paganas was paid on a salary basis of $80,000 per annum, equating to $38.46 per hour for a 40 hour week.

 Plaintiff Paganas brought this action seeking to recover overtime wages, liquidated damages, interest, attorneys' fees, and costs, pursuant to the Fair Labor Standards Act of 1938, 29

Hon. Allyne R. Ross
January 15, 2019
Page 2 of 4

U.S.C. §§ 201, *et seq.* ("FLSA"), and the New York Labor Law, Article 19, and the supporting New York Department of Labor Regulations, N.Y.C.R.R. Part 142.

Defendants denied Plaintiff's allegations. Specifically, Defendants asserted that Plaintiff was exempt from the FLSA and New York Labor Law for overtime payments by reason of Plaintiff's status as either the executive or administrative employee. Following a motion for summary judgment submitted by the Defendants, on December 5, 2016, the Honorable Jack B. Weinstein granted the Defendants' motion for summary judgment and dismissed the complaint. The Court determined that the Defendants satisfied the executive exemption and Plaintiff was not entitled to any damages. The Plaintiff appealed to the Second Circuit and the judgment was vacated on procedural grounds and the matter remanded to this Court. On remand, the Defendants asserted that the administrative exemption was also applicable and sought to dismiss the complaint on this ground. That motion was denied by this Court and the Court directed that the parties submit a Pretrial Order in accordance with the Judge's Rules. The matter was settled by the parties at a settlement conference held before the Hon. Lois Bloom, U.S.M.J.

After weighing the risks of trial and costs of further litigation, the Settling Parties have reached an agreement at this stage.

## Settlement

The Settling Parties have agreed to resolve this action for the total sum of $100,000.00 which will be paid as outlined in **Exhibit A**. Plaintiff Paganas alleges he is entitled to overtime wages of approximately $303,319. Plaintiff estimates that had he recovered in full for his claims, he would be entitled to approximately $540,000, which represents calculated actual damages, penalties, and interest, but excludes attorneys' fees and costs. Plaintiff's worst-case scenario would be that he would receive nothing based upon a jury determination that either the administrative or executive exemption was applicable. Given the hotly contested issue of the two exemptions and the complicated issues of proof, it is clear that both parties risked loss on those issues. The parties have agreed to settle this action for the total sum of $100,000, to be paid within thirty days of the approval of the settlement. A copy of Plaintiff's damages chart, breaking down each amount sought from Defendants, is attached as **"Exhibit B."**

The full sum of the settlement amount will be paid to Plaintiff Paganas' attorney, who will be solely responsible for distributing the settlement amount to the Plaintiff directly after deductions of counsel fees and costs.

There is a "strong presumption in favor of finding a settlement fair," as "the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." Lliguichuzhca v. Cinema 60, LLC, 948 F.Supp.2d 362, 365 (S.D.N.Y. 2013) (*quoting* Crabtree v. Volkert, Inc., 2013 WL 593500, at *3 (S.D.Ala. Feb. 14, 2013)). "In considering whether a settlement is fair and reasonable, the principal question is 'whether the agreement reflects a reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Id.* (*quoting* Le v. SITA Info. Networking Computing USA, Inc., 2008 WL 724155, at *1 (E.D.N.Y. Mar. 13, 2008)). Courts consider factors

Hon. Allyne R. Ross
January 15, 2019
Page 3 of 4

including "(1) the Plaintiff's range of possible recovery; (2) the extent to which 'the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses'; (3) the seriousness of the litigation risks faced by the parties; (4) whether 'the settlement agreement is the product of arm's-length bargaining between experienced counsel'; and (5) the possibility of fraud or collusion." Wolinsky, 900 F.Supp.2d at 225 (quoting Medley v. Am. Cancer Soc., No. 10-cv-3214 (BSJ), 2010 WL 3000028, at *1 (S.D.N.Y. July 23, 2010)).

The agreement here is fair to Plaintiff Paganas. Plaintiff has been represented by counsel throughout this lawsuit and has made an informed decision to settle the action prior to trial, after lengthy court proceedings, including an appeal to the Second Circuit following dismissal of the action and two settlement conferences with the Court, without incurring further costs or the perils of a possible defeat. The One Hundred Thousand Dollars ($100,000.00) that Plaintiff Paganas will be receiving accounts for any alleged unpaid overtime wages that he could have potentially recovered at trial, as well as attorneys' fees. Furthermore, the Agreement is the product of arm's-length bargaining between experienced counsel and there is no possibility of fraud or collusion.

### Plaintiff Paganas' Attorneys' Fees are Fair and Reasonable

Under the settlement, Plaintiff Paganas' counsel will receive $33,333.33, significantly less than the amount of his actual attorneys' fees and costs. The amount provided to the Plaintiff Paganas' counsel under the settlement is fair and reasonable as it is consistent with the range of fees typically awarded in cases in this Circuit. See Castaneda v. My Belly's Playlist LLC, No. 15 Civ. 1324 (JCF) (S.D.N.Y. Aug. 17, 2015) (Francis, M.J.) (awarding the plaintiffs' attorneys a contingency fee of one-third to account for risks in litigation); see also Calle v. Elite Specialty Coatings Plus, Inc., 2014 U.S. Dist. LEXIS 164069 at *9 (E.D.N.Y. Nov. 19, 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit"). In light of the nature of the issues herein, and the extensive motion practice and appeal and negotiations necessary to reach the agreed-upon settlement, the requested allocation of legal fees is reasonable. See Alleyne v. Time Moving & Storage Inc., 264 F.R.D. at 60; see also McDaniel v. Cnty. of Schenectady, 595 F.3d 411, 417 (2d Cir. 2010).

Attached hereto as **Exhibit C**, are Plaintiff's attorneys' time records. Mr. Powers handled all aspects of the case without assistance of other counsel. A brief biography is as follows:

Mr. Powers and has been in practice since 1981. From 1981 to 1982, he was with the firm of Hoffberg Rabin & Engler. In 1982, that firm meged with Javits and Javits and became Javits Hinckley Rabin & Engler. In 1983, several of the lawyers moved to Phillips Nizer. Mr. Powers practiced commercial litigation at Phillips Nizer from 1983 until 1999. He formed his own firm in 1999 and practiced commercial litigation until 2007, when he joined Finkel Goldstein Rosenbloom and Nash and continued to handle commercial litigation as well as employment litigation. In 2010, he moved to the Law Offices of Ira Newman and again continued his practice of commercial and employment litigation. In 2014, he again formed his own firm, continuing his practice of commercial and employment litigation. He has handled numerous wage cases as well as many ADA cases.

Hon. Allyne R. Ross
January 15, 2019
Page 4 of 4

Defendants in this matter were represented by Perry S. Heidecker, Senior Counsel to Milman Law Group PLLC, a firm that specializes exclusively in the representation of management in the areas of labor relations and employment law.

The requested attorneys' fees and costs in the parties' settlement are reasonable under the circumstances and Plaintiff Paganas has agreed to these fees and costs by agreeing to the settlement amount.  As a result, the fees should be approved.

## Conclusion

Plaintiff Paganas has been represented by counsel throughout this lawsuit, and Plaintiff Paganas' counsel has agreed to the settlement amount based on the approval of his client.  Plaintiff Paganas' interests have thus been adequately safeguarded.

In full consideration of the issues presented in *Cheeks,* we believe that the Settling Parties' agreement is fair and reasonable, and that the settlement should be approved.  A Stipulation of Final Dismissal will be filed for so-ordering after execution of the agreement and upon receipt of confirmation from the Court that the settlement has been approved.

Subject to the approval of the Court, the parties have consented to have this application to be considered by Magistrate Judge Lois Bloom, who supervised the settlement discussions in this matter.


Thank you for your consideration in this matter.


Respectfully Submitted,

/s/ Robert S. Powers
Robert S. Powers
*Attorney for Plaintiff*


cc:    Perry Heidecker, Esq. (via ECF)
       *Attorney for Defendants*

A

## SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Settlement Agreement and General Release (the "Agreement") is entered into by and between Anthony Paganas ("Paganas") and Total Maintenance Solution, LLC, Aron Weber and Reggie Tartaglione (collectively "TMS") in consideration of the promises and obligations of the parties as set forth herein, and other good and valuable consideration as set forth below.

**WHEREAS**, Paganas has been employed by TMS who assigned him to work at the campus of St. John's University from July 2009 until May 2014; and

**WHEREAS**, Paganas filed a Complaint in an action commenced in the United States Disctrict Court for the Eastern District of New York, entitled *Paganas. v. Total Maintenance Solution, LLC, et al., Civil Action No.* 15 CV 5424 (the "Action"), seeking to recover overtime wages, liquidated damages, interest, attorneys' fees, and costs, pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), and the New York Labor Law, Article 19, and the supporting New York Department of Labor Regulations, N.Y.C.R.R. Part 140; and

**WHEREAS**, TMS denies any wrongdoing or liability whatsoever in connection with the Action; and

**WHEREAS**, Paganas and TMS desire to fully resolve the Action in its entirety and any and all claims, and/or allegations between them, whether known or unknown, arising from Paganas's employment with TMS without further litigation or proceedings and without admission of fault or liability;

**NOW, THEREFORE**, in consideration of the mutual promises and covenants set forth herein, Paganas and TMS agree as follows:

1. **Dismissal of the Action.**

   Immediately upon full execution of this Agreement by all parties and approval by the Court, counsel for the parties shall execute and file with the Court a Stipulation of Final Dismissal.

2. **Settlement Payment.**

   In exchange for the covenants undertaken and releases given by Paganas in this Agreement, TMS will pay Paganas the amount of One Hundred Thousand Dollars ($100,000.00) (referred to as the "Settlement Payment") within 30 days from the date of approval by the Court of this Agreement. Paganas and his attorney will deliver to TMS an executed IRS Form W9  The Settlement Payment shall be made payable to Robert S. Powers, as Attorney.

3. **General Release.**

   i.      For and in exchange for the Settlement Payment to be made by TMS to Paganas pursuant to this Agreement, Paganas, on behalf of himself and Paganas's successors, heirs, assigns, spouses, beneficiaries and representatives, fully and finally releases and discharges TMS, its parent

entities, subsidiaries, affiliates, joint-venturers, and its and their current and former trustees, directors, governors, officers, employees, managers, supervisors, attorneys, employee benefit plans, and agents or their successors or assigns, including Aron Weber and Reggie Tartaglione (the "Released Parties"), with respect to and from, any and all claims, demands, rights, liens, agreements, contracts, covenants, actions, suits, causes of action, obligations, debts, policies of insurance, costs, expenses, attorneys' fees, damages, judgments, orders and liabilities of whatever kind or nature in law, equity or otherwise, whether now known or unknown, suspected or unsuspected, which Paganas now owns or holds, or has at any time heretofore owned or held, or may in the future hold against said Released Parties, arising out of Paganas' employment with TMS; except any claim for breach or enforcement of this Agreement and any Claim that cannot be waived as a matter of law.

ii.        By signing this Agreement, Paganas admits that he is not due any overtime wages, and he specifically acknowledges that he releases and waives any Claim or Claims for any attorneys' fees, costs and expenses.

**4.    Representations and Warranties.**

Paganas represents and warrants that he shall not seek nor be entitled to recovery from TMS or any Released Party in connection with any Claim released in this Agreement and that he has not transferred to any person or entity any rights or Claims released in this Agreement.

**5.    No Wrongdoing.**

This Agreement is not an admission of wrongdoing or evidence of liability by TMS or any of the Released Parties, and nothing herein shall be construed as such.

**6.**    Nothing in this provision shall prevent Paganas from testifying truthfully as required by law, provided he gives TMS as much advance notice as may be practicable.

**7.    Entire Agreement; No Modification.**

The terms and conditions of this Agreement constitute the entire agreement between Paganas and TMS and shall supersede any and all prior communications and understandings, either oral or written, between Paganas and TMS, with respect to the subject matter hereof. This Agreement may not be altered, amended or modified, except by a further writing signed by both Paganas and an authorized TMS representative. This Agreement may not be altered, amended or modified by e-mail. The parties acknowledge that each party has participated in the drafting of this Agreement and therefore the language and provisions herein shall be construed according to its fair meaning and not strictly for or against either party.

**8.    Choice of Law / Effect of Void Provision / Venue.**

i.        This Agreement shall be governed by and construed under the laws of the State of New York *without regard to conflicts of law rules*. The invalidity or unenforceability of any provision contained herein shall in no way affect the validity or enforceability of any other provision of this Agreement.

ii.     Any controversy or dispute arising out of or relating to this Agreement shall be exclusively submitted to the jurisdiction of the state and/or federal courts sitting in Brooklyn, New York or Long Island, New York.

**9.     Successors.**

This Agreement shall be binding on the parties and upon their heirs, administrators, representatives, executors, successors and assigns and shall inure to their benefit and to that of their heirs, administrators, representatives, executors, successors and assigns.

**10.     Knowing and Voluntary.**

Paganas acknowledges that:

i.     He has been represented by attorney Robert S. Powers in the negotiation of this Agreement.

ii.     This Agreement shall not become effective until approved by the Court.

iii.     Paganas understands this Agreement and all of its terms.

iv.     Paganas is knowingly and voluntarily waiving and releasing his rights and Claims only in exchange for consideration (something of value) rather than something of value to which Paganas is already entitled.

v.     Paganas is not being forced or pressured in any manner whatsoever to sign this Agreement.


**Total Maintenance Solution, LLC**


By: _____          _____
                                        Date of Signature



**ANTHONY PAGANAS**


_____          _____
                                            Date of Signature


STATE OF NEW YORK

COUNTY OF _____

On February ___, 2019, before me, the undersigned, a Notary Public in and for the County of _____, personally appeared Anthony Paganas, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument, and acknowledged to me that he executed the same in his capacity, and that by his

signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

_____

Notary Public

**ARON WEBER**


_____                    _____
                                                    Date of Signature


STATE OF NEW YORK

COUNTY OF _____

On February ___, 2019, before me, the undersigned, a Notary Public in and for the County of _____, personally appeared Aron Weber, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument, and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.


_____

Notary Public

**REGGIE TARTAGLIONE**


_____                    _____
                                                    Date of Signature


STATE OF NEW YORK

COUNTY OF _____

On February ___, 2019, before me, the undersigned, a Notary Public in and for the County of _____, personally appeared Reggie Tartaglione, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument, and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.


_____

Notary Public

B

| week ending | hours worked |
|---|---|
| 9/21/2009 | 68.5 |
| 9/28/2009 | 70.5 |
| 10/5/2009 | 76.5 |
| 10/12/2009 | 75 |
| 10/19/2009 | 95.5 |
| 10/26/2009 | 87.5 |
| 11/2/2009 | 85 |
| 11/9/2009 | 88.5 |
| 11/16/2009 | 82 |
| 11/23/2009 | |
| 11/30/2009 | 69 |
| 11/30/2009 | 69 |
| 12/7/2009 | 77 |
| 12/14/2009 | 74.5 |
| 12/21/2009 | |
| 12/28/2009 | |
| 1/4/2010 | 70 |
| 1/11/2010 | 74 |
| 1/18/2010 | |
| 1/25/2010 | 87 |
| 2/1/2010 | 70.5 |
| 2/8/2010 | 80 |
| 2/15/2010 | 67 |
| 2/22/2010 | 96 |
| 3/1/2010 | 74 |
| 3/8/2010 | 69 |
| 3/15/2010 | 95 |
| 3/22/2010 | 109.5 |
| 3/29/2010 | 72 |
| 4/5/2010 | 96 |
| 4/12/2010 | 90 |
| 4/19/2010 | 92 |
| 4/26/2010 | 72 |
| 5/3/2010 | 62 |
| 5/10/2010 | 92 |
| 5/17/2010 | 84 |
| 5/24/2010 | 57 |
| 5/31/2010 | 64 |
| 6/7/2010 | |
| 6/14/2010 | 71 |
| 6/21/2010 | 64.5 |
| 6/28/2010 | 71 |
| 7/5/2010 | 65.5 |
| 7/12/2010 | 60.75 |
| 7/19/2010 | 62 |

| Date | Value |
|---|---|
| 7/26/2010 | 71 |
| 8/2/2010 | 65 |
| 8/9/2010 | 61.5 |
| 8/16/2010 | 69.5 |
| 8/23/2010 | 87 |
| 8/30/2010 | 73 |
| 9/6/2010 | 64 |
| 9/13/2010 | 72 |
| 9/20/2010 | 72 |
| 9/27/2010 | 70 |
| 10/4/2010 | 63 |
| 10/11/2010 | 86 |
| 10/18/2010 | 63 |
| 10/25/2010 | 72 |
| 11/1/2010 | 78.5 |
| 11/8/2010 | 67 |
| 11/15/2010 | 90.5 |
| 11/22/2010 | |
| 11/29/2010 | 65.5 |
| 12/6/2010 | 71.5 |
| 12/13/2010 | 62.5 |
| 12/20/2010 | |
| 12/27/2010 | |
| 1/3/2011 | 64.5 |
| 1/10/2011 | 54 |
| 1/17/2011 | 59 |
| 1/24/2011 | 52 |
| 1/31/2011 | 69 |
| 2/7/2011 | 77 |
| 2/14/2011 | 62.5 |
| 2/21/2011 | 65.5 |
| 2/28/2011 | 64.5 |
| 3/7/2011 | 52 |
| 3/14/2011 | 67 |
| 3/21/2011 | 54 |
| 3/28/2011 | 52 |
| 4/4/2011 | 88 |
| 4/11/2011 | 59.5 |
| 4/18/2011 | 55 |
| 4/25/2011 | 76 |
| 5/2/2011 | 61 |
| 5/9/2011 | 86 |
| 5/16/2011 | |
| 5/23/2011 | |
| 5/30/2011 | 68 |
| 6/6/2011 | |
| 6/13/2011 | |

| Date | Value |
|---|---|
| 6/20/2011 | 63 |
| 6/27/2011 | 54 |
| 7/4/2011 | |
| 7/11/2011 | |
| 7/18/2011 | |
| 7/25/2011 | |
| 8/1/2011 | |
| 8/8/2011 | |
| 8/15/2011 | |
| 8/23/2011 | |
| 8/29/2011 | 61 |
| 9/5/2011 | 69 |
| 9/12/2011 | 65 |
| 9/19/2011 | 70.5 |
| 9/26/2011 | 81 |
| 10/3/2011 | 58 |
| 10/10/2011 | 75 |
| 10/17/2011 | 65 |
| 10/24/2011 | 60 |
| 10/31/2011 | 70.5 |
| 11/7/2011 | 80 |
| 11/14/2011 | 77.5 |
| 11/21/2011 | 70.5 |
| 11/28/2011 | 67 |
| 12/5/2011 | |
| 12/12/2011 | 73 |
| 12/19/2011 | |
| 12/26/2011 | 63 |
| 1/2/2012 | 63 |
| 1/9/2012 | 58.5 |
| 1/16/2012 | 64.5 |
| 1/23/2012 | 65 |
| 1/30/2012 | |
| 2/6/2012 | 65.5 |
| 2/13/2012 | 58 |
| 2/20/2012 | 71.5 |
| 2/27/2012 | 54 |
| 3/5/2012 | 68 |
| 3/12/2012 | 54 |
| 3/19/2012 | 58.5 |
| 3/26/2012 | 59 |
| 4/2/2012 | 52 |
| 4/9/2012 | 76 |
| 4/16/2012 | 56 |
| 4/23/2012 | 69 |
| 4/30/2012 | 64 |
| 5/7/2012 | 83 |

| | |
|---|---|
| 5/14/2012 | 62 |
| 5/21/2012 | |
| 5/28/2012 | 68 |
| 6/4/2012 | |
| 6/11/2012 | |
| 6/18/2012 | 56 |
| 6/25/2012 | 54 |
| 7/2/2012 | |
| 7/9/2012 | |
| 7/16/2012 | |
| 7/23/2012 | |
| 7/30/2012 | 52 |
| 8/6/2012 | |
| 8/13/2012 | |
| 8/20/2012 | 58 |
| 8/27/2012 | 55 |
| 9/3/2012 | 56 |
| 9/10/2012 | 57 |
| 9/17/2012 | 61 |
| 9/24/2012 | 77 |
| 10/1/2012 | 57 |
| 10/8/2012 | 72 |
| 10/15/2012 | 68 |
| 10/22/2012 | 69 |
| 10/29/2012 | 63 |
| 11/5/2012 | 62.5 |
| 11/12/2012 | 77.5 |
| 11/19/2012 | 63 |
| 11/26/2012 | 68 |
| 12/3/2012 | 64 |
| 12/10/2012 | 69 |
| 12/17/2012 | 56.5 |
| 12/24/2012 | 56.5 |
| 12/31/2012 | 64.5 |
| 1/7/2013 | |
| 1/14/2013 | |
| 1/21/2013 | 58.5 |
| 1/28/2013 | 64.5 |
| 2/4/2013 | 54 |
| 2/11/2013 | 58.5 |
| 2/18/2013 | 63 |
| 2/25/2013 | 65 |
| 3/4/2013 | |
| 3/11/2013 | 55.5 |
| 3/18/2013 | 52 |
| 3/25/2013 | 54 |
| 4/1/2013 | 61 |

| Date | Value |
|---|---|
| 4/8/2013 | 72 |
| 4/15/2013 | 56 |
| 4/22/2013 | 71 |
| 4/29/2013 | 52 |
| 5/6/2013 | 54 |
| 5/13/2013 | 85 |
| 5/20/2013 | |
| 5/27/2013 | 77 |
| 6/3/2013 | |
| 6/10/2013 | 56 |
| 6/17/2013 | 62 |
| 6/24/2013 | 64 |
| 7/1/2013 | |
| 7/8/2013 | |
| 7/15/2013 | |
| 7/22/2013 | |
| 7/29/2013 | 55 |
| 8/5/2013 | 53 |
| 8/12/2013 | |
| 8/19/2013 | |
| 8/26/2013 | 69 |
| 9/2/2013 | 66 |
| 9/9/2013 | 69 |
| 9/16/2013 | 57 |
| 9/23/2013 | 67 |
| 9/30/2013 | 65 |
| 10/7/2013 | 64 |
| 10/14/2013 | 63 |
| 10/21/2013 | 58 |
| 10/28/2013 | 62.5 |
| 11/4/2013 | 56.5 |
| 11/11/2013 | 69.5 |
| 11/18/2013 | 85.5 |
| 11/25/2013 | 65 |
| 12/2/2013 | 61 |
| 12/9/2013 | 73.5 |
| 12/16/2013 | 63 |
| 12/23/2013 | 56.5 |
| 12/30/2013 | |
| 1/6/2014 | 56.5 |
| 1/13/2014 | 69.5 |
| 1/20/2014 | 56.5 |
| 1/27/2014 | 58.5 |
| 2/3/2014 | 63.5 |
| 2/10/2014 | 56.5 |
| 2/17/2014 | 54 |
| 2/24/2014 | 67 |

| | |
|---|---:|
| 3/3/2014 | |
| 3/10/2014 | 52 |
| 3/17/2014 | 61.5 |
| 3/24/2014 | |
| 3/31/2014 | 52 |
| 4/7/2014 | 63 |
| 4/14/2014 | 52 |
| 4/21/2014 | |
| 4/28/2014 | 55 |

| | | |
|---|---|---:|
| total hours | | 13057.75 |
| total weeks * 40 | | 7800 |
| total overtime | | 5257.75 |
| overtime rate | $ | 57.69 |
| | $ | 303,319.60 |

C

# THE LAW OFFICE OF ROBERT S. POWERS
1540 August Road
NORTH BABYLON, NEW YORK  11703
(631) 940-7121

January 15, 2019

ANTHONY PAGANAS
645 PULASKI ROAD
EAST NORTHPORT, NEW YORK  11731

FOR PROFESSIONAL SERVICES RENDERED IN CONNECTION WITH THE PROSECUTION OF
AN ACTION AGAINST TOTAL MAINTENANCE SOLUTION LLC AND ITS OWNERS IN THE
UNITED STATES DISTRICT CORT FOR THE EASTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| 8/4/15 | Meeting with Client to discuss potential overtime claims against his former employer | 2.00 |
| 8/10/15 | Review recent decisions in the Second Circuit concerning pleading for FLSA case | 2.50 |
| 8/17/15 | Prepare complaint; call to client to obtain additional detail of claim and hours worked | 3.50 |
| 8/20/15 | Review and revise complaint | 2.50 |
| 8/22/15 | Review and revise complaint- meeting with client to review same | 3.50 |
| 9/10/15 | Revise complaint | 1.25 |
| 9/21/15 | Finalize complaint- file with Court | 2.00 |
| 9/23/15 | Arrange for service of complaint | .50 |
| 11/23/15 | Call attorney for defendant re: conference, letter to court requesting adjournment | .75 |
| 1/2/16 | Prepare Rule 26 disclosures | 2.50 |
| 1/3/16 | Call client re: potential witnesses; add to Rule 26 Disclosures | 1.75 |
| 1/4/16 | Conference call with counsel to discuss Rule 26 Plan | .20 |
| 1/6/16 | Finalize Rule 26 disclosures | 1.25 |

| | | |
|---|---|---|
| 1/11/16 | Review Rule 26 planning | .50 |
| 1/13/16 | Attend scheduling conference- Judge Bloom | 3.50 |
| 1/27/16 | Prepare settlement proposal to defendant | 2.25 |
| 2/17/16 | Attend conference with Judge Weinstein re: Motion by St. John's; attend conference with Judge Bloom | 5.75 |
| 3/15/16 | EBT of Paganas | 5.50 |
| 3/30/16 | Attend settlement conference- Judge Bloom | 4.50 |
| 5/24/16 | EBTs of defendants | 4.25 |
| 7/5/16 | Review St. John's document response | 1.75 |
| 8/5/16 | EBTs of Hasher/ Rossi | 6.00 |
| 9/9/16 | Review calendars received from St. Johns | 1.25 |
| 9/12/16 | Review motion for summary judgment filed by Defendants | 1.75 |
| 9/15/16 | Meeting with client to review calendars and to prepare calculation of overtime worked | 2.50 |
| 9/17/16 | Prep response to motion for summary judgment- declaration of client and memorandum in opposition to motion | 4.75 |
| 9/19/16 | Research for memorandum in opposition to summary judgment- cases involving pleading and proof of overtime allegations | 2.25 |
| 9/26/16 | Finalize memo in opposition, Rule 56.1 statement, file same | 1.75 |
| 10/14/16 | Prepare letter in response to inquiry by Judge Weinstein | 2.25 |
| 10/17/16 | Appearance before Judge Weinstein- motion for summary judgment | 3.50 |
| 10/18/16 | Hearing before Judge Weinstein on motion for | |

|  | summary judgment | 6.50 |
|---|---|---|
| 10/22/16 | Research- affirmative defenses- motion for summary judgment | 3.25 |
| 10/24/16 | Finalize supplemental memo of law in opposition to summary judgment | 3.50 |
| 10/25/16 | EBT of Paganas | 3.50 |
| 10/26/16 | Prepare Exhibits for trial | 4.50 |
| 11/2/16 | Prepare proposed jury instructions | 2.50 |
| 11/9/16 | Finalize proposed jury instructions, witness list, exhibits, file same | 6.50 |
| 1/2/17 | Prepare and file notice of appeal | 2.00 |
| 1/17/17 | Prepare docs for Appeal filing | 1.75 |
| 3/8/17 | Attend CAMP conference | 3.75 |
| 5/15/17 | Designate exhibits for record- review docket sheet; review requirements for second circuit appeals | 1.75 |
| 5/23/17 | Research for appeal- administrative exemption; executive exemption | 3.50 |
| 6/1/17 | Research- administrative exemptions- appeal Brief | 4.50 |
| 6/2/17 | Research- executive exemption -appeal brief | 3.25 |
| 6/6/17 | Research authority of judge to proceed on summary judgment when defendant did not raise issue on its motion | 4.25 |
| 6/8/17 | Draft statement of jurisdiction; statement of case- appeal brief | 2.25 |
| 6/12/17 | Draft statement of facts- appeal brief | 4.50 |
| 6/13/17 | Research on issue of credibility issues on summary |  |

|  |  |  |
|---|---|---|
|  | judgment motion | 2.50 |
| 6/15/17 | Draft appeal brief- Point I- administrative exemption | 3.75 |
| 6/19/17 | Draft Point II- burden of proof and credibility issues | 4.25 |
| 6/21/17 | Draft Point III- administrative exemption | 3.50 |
| 6/22/17 | Review and revise appeal brief- send to printer for set up | 2.25 |
| 6/26/17 | Review brief- crosscheck citations and page numbers to appendix | 2.00 |
| 6/28/17 | Table of authorities- prep and check- final review of brief for printer | 1.50 |
| 6/30/17 | Finalize review of appeal brief- arrange for filing of same | 2.00 |
| 9/29/17 | Review appeal brief filed by TMS | 1.50 |
| 10/11/17 | Finalize appeal reply brief, arrange for filing of same | 1.25 |
| 3/5/18 | Oral argument on appeal | 3.50 |
| 5/18/18 | Finalize memo of law in opposition to defendants' motion for summary judgment | 2.75 |
| 7/25/18 | Finalize pre-trial order- file same | 3.00 |
| 10/11/18 | Attend conference- Magistrate Judge Bloom | 3.75 |
| 10/26/18 | Telephone conference- Magistrate Bloom | .25 |
| 11/1/18 | Call client re: settlement proposal | .25 |
| 11/19/18 | Review settlement strategy with client | .25 |
| 11/27/18 | Draft position paper for settlement conference | 2.50 |
| 11/28/18 | Finalize position paper; fax to court | 1.25 |

| 12/20/18 | Settlement conference- Magistrate Bloom | 2.50 |
|----------|------------------------------------------|--------|
|          | TOTAL HOURS                              | 184.45 |