UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
ANTHONY PAGANAS,

                        Plaintiff,           **REPORT AND RECOMMENDATION**
      - against -                                       **15 CV 5424 (ARR) (LB)**

TOTAL MAINTENANCE SOLUTION, LLC,
ARON WEBER, and REGGIE
TARTAGGLIONE,

                        Defendants.
----------------------------------------------------------X
**BLOOM, United States Magistrate Judge:**

      Plaintiff Anthony Paganas brings this action against defendants Total Maintenance Solution, LLC, Aron Weber, and Reggie Tartagglione alleging that defendants violated his rights under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL") by failing to pay him overtime wages when they employed him as a Building Manager Supervisor. ECF No. 1 at ¶¶ 1–4, 14–18, Complaint ("Compl."). The parties settled this case on the record on December 20, 2018. Plaintiff's counsel filed the parties' motion for settlement approval on January 15, 2019. ECF No. 121. The Honorable Allyne R. Ross referred the parties' motion for settlement approval to me for a Report and Recommendation pursuant to 28 U.S.C. § 636(b). For the reasons stated below, it is respectfully recommended that the parties' motion for settlement approval should be granted.

## BACKGROUND

      Plaintiff alleges that since July 2007 he worked at St. John's University for defendants as a "Building Manager Supervisor". See Compl. ¶ 22. Although his title was supervisor, plaintiff alleges that he performed virtually no supervisory functions. Plaintiff alleges that defendants, their supervisors, and St. John's management made all employee decisions. ¶ 26. Plaintiff further alleges

1

that he performed similar tasks as porters at St. John's. Porters were unionized and paid hourly wages. ¶¶ 28–29. Instead of hiring more porters, or allowing porters to work overtime, plaintiff, who was not unionized, alleges that he was required to do extra work. ¶¶ 30–32. Plaintiff alleges that he was threatened with termination if he failed to complete the increased workload, causing him and other Building Manager Supervisors to work overtime hours without being compensated. ¶¶ 33–34. Plaintiff alleges that defendants misclassified him as an exempt employee. Throughout his employment, plaintiff "typically worked ten hours a day, five days a week, Monday through Friday," "[he] typically worked one or two days in excess of ten hours," and "[he] typically worked special events during weekend hours," which usually lasted 8 to 10 hours a day. ¶¶ 36–38. Plaintiff was paid $38.46 per hour. ¶ 40.

## PROCEDURAL HISTORY

This action was commenced on September 21, 2015, ECF No. 1, and defendants answered plaintiff's complaint on November 13, 2015. ECF No. 9. The parties completed discovery on August 12, 2016. Defendants moved for summary, ECF No. 41, and defendants' motion for summary judgment was granted on December 5, 2016. ECF No. 100.[1] Plaintiff appealed, and on March 12, 2018, the Second Circuit vacated and remanded the matter to the District Court. ECF No. 108. The case was reassigned to the Honorable Allyne R. Ross who denied defendants' second motion for summary judgment. ECF No. 116. The parties appeared for a settlement conference before me on December 20, 2018. The parties settled the case on the record. Plaintiff's counsel filed the instant motion for settlement approval on behalf of the parties on January 15, 2019. ECF No. 121 ("Mot. Settl.").

---

[1] The case was originally assigned to the Honorable Jack B. Weinstein; Judge Weinstein granted defendants' motion for summary judgment.

2

**DISCUSSION**

**I.     Standard for Approving FLSA Settlements**

"Rule 41(a)(1)(A)(ii) stipulated dismissals settling FLSA claims with prejudice require the approval of the district court or the [Department of Labor] to take effect." Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199, 206 (2d Cir. 2015). The settlement should be approved if the proposed agreement "reflects a reasonable compromise over contested issues." Kochilas v. Nat'l Merchant Servs., Inc., No. 14 CV 311, 2015 WL 5821631, at *7 (E.D.N.Y. Oct. 2, 2015) (citation omitted). "Generally, there is a strong presumption in favor of finding a settlement fair, as the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." Lliguichuzhca v. Cinema 60, LLC, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013) (internal citation omitted).

**II.    Instant Settlement Agreement**

The instant motion for settlement approval includes the parties' executed settlement agreement. See Agreement, ECF No. 121. The Agreement provides that plaintiff shall release defendants from "any and all claims, and/or allegations" regarding his employment arising under the FLSA and the NYLL, among other laws and regulations, and shall seek dismissal of the instant case with prejudice in exchange for $100,000.00 within 30 days from the date of settlement approval by the Court. Agreement at 6. The Agreement provides that "[b]y signing this Agreement, Paganas admits that he is not due any overtime wages, and he specifically acknowledges that he releases [defendants] and waives any claim or claims for any attorney's fees, costs and expenses." Of the total $100,000.00 settlement, plaintiff shall be paid $66,666.67, and plaintiff's counsel shall be paid $33,333.33 in attorney's fees and costs. Agreement at 3. Should defendants fail to pay, the Agreement provides that "any controversy or dispute arising out of or relating to this Agreement

3

shall be exclusively submitted to the jurisdiction of the state and/or federal courts sitting in Brooklyn, New York or Long Island, New York." Agreement at 8.

The Agreement's release is tailored to any claim under the FLSA, the NYLL, and any other statutory, regulatory, and/or common law claims related to plaintiff's employment with defendants up until the date of plaintiff's execution of the Agreement. Id. at 4. The Agreement does not contain a confidentiality provision or a non-disparagement clause.

### A.  Reasonableness

"In determining whether [a] proposed [FLSA] settlement is fair and reasonable, a court should consider the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's length bargaining between experienced counsel; and (5) the possibility of fraud or collusion." Wolinsky v. Scholastic Inc., 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (internal citations omitted); see also Cohetero v. Stone & Tile, Inc., No. 16 CV 4420, 2018 WL 565717, at *2–3 (E.D.N.Y. Jan. 25, 2018) (addressing the Wolinsky factors). Furthermore, in light of Cheeks, courts in this Circuit have repeatedly rejected highly restrictive confidentiality provisions and general liability releases in FLSA settlement agreements. Souza v. 65 St. Marks Bistro, No. 15 Civ. 327, 2015 WL 7271747, at *3 (S.D.N.Y. Nov. 6, 2015).

Plaintiff's counsel states that if plaintiff fully recovered on all the claims alleged, plaintiff would be entitled to approximately $540,0000.00[2] Mot. Settl. Plaintiff calculates his claim for overtime wages as $303,319.60. See ECF No. 121 at 16. Under the settlement agreement,

---

[2] The estimate is based on Mr. Paganas' total hours worked from September 2009 to April 2014. See Mot. Settl. at 1–2. ECF No. 121 at 11.

4

defendants shall pay plaintiff $100,000.00, which is less than fifty percent of what plaintiff alleges he is owed in back wages. However, plaintiff's recovery percentage is reasonable. See Agreement at 2–3; see also Ceesae v. TT's Car Wash Corp., No. 17 CV 291, 2018 WL 1767866, at *2 (E.D.N.Y. Jan. 3, 2018), adopted by, 2018 WL 741396, (net settlement of 50% of FLSA plaintiff's maximum recovery is reasonable); Chowdhury v. Brioni America, Inc., No. 16 Civ. 344, 2017 WL 5953171 at *2 (S.D.N.Y. Nov. 29, 2017) (net settlement of 40% of FLSA plaintiffs' maximum recovery is reasonable); Redwood v. Cassway Contracting Corp., No. 16 Civ. 3502, 2017 WL 4764486 at *2 (S.D.N.Y. Oct. 18, 2017) (net settlement of 29.1% of FLSA plaintiffs' maximum recovery is reasonable).

The settlement provides plaintiff with certainty regarding what he will recover from defendants and avoids the investment of further time and expense in this litigation. Because the parties have already litigated two summary judgment motions as well as an appeal to the Circuit, the parties are well aware of the cost, time, and uncertainty of continuing this case to trial. Plaintiff's counsel states, "[g]iven the hotly contested issue of the two exemptions and the complicated issues of proof, it is clear that both parties risked loss on those issues." Mot. Settl. at 2. If the case were to go to a jury trial, plaintiff risks a defense verdict if the jury finds the administrative or executive exemption applicable. Id. Thus, the benefit of settling this case for $100,000.00 at this juncture is reasonable. See Reyes v. Buddha-Bar NYC, No. 08 Civ. 2494, 2009 WL 5841177, at *3 (S.D.N.Y. May 28, 2009) (approving FLSA settlement and discussing how "the value of an immediate recovery outweighs the mere possibility of further relief after protracted and expensive litigation.").

As for the last two Wollinsky factors, the Court can attest that the settlement is the product of arm's-length negotiations between "experienced counsel and there is no possibility of fraud or

collusion." Mot. Settl. at 3; see Vidal v. Eager Corp., No. 16 CV 979, 2018 WL 1320659, at *2 (E.D.N.Y. Mar. 13, 2018) (terms of a settlement "hammered out during mediation . . . suggests [that the terms are] the product of arm's length bargaining and that there is a reduced risk of collusion between [the parties.]").

Taking all of the circumstances of this case into account, I find that plaintiff's recovery is fair and reasonable.

B.    **General Release Clause**

"In FLSA cases, courts in this District routinely reject release provisions that 'waive practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues.'" Gurung v. White Way Threading LLC, 226 F. Supp. 3d 226, 228 (S.D.N.Y. 2016) (citing Lopez v. Nights of Cabiria, LLC, 96 F. Supp. 3d 170, 181 (S.D.N.Y. 2015)). "[A]n employer is not entitled to use an FLSA claim . . . to leverage a release from liability unconnected to the FLSA." Mahalick v. PQ New York Inc., No. 14 Civ. 899, 2015 WL 3400918, at *2 (S.D.N.Y. Apr. 30, 2015) (internal citation omitted); see Souza, 2015 WL 7271747, at *6 (discussing that courts typically reject overbroad releases because FLSA releases should be limited to wage-and-hour claims). Broad general releases are generally impermissible. See Cheeks, 796 F.3d at 206. A release is overbroad if it "confers an uncompensated, unevaluated, and unfair benefit on the employer[.]" Lopez, 96 F. Supp. 3d at 181 (internal citation omitted).

Plaintiff here agrees to release defendants from liability for any claims he may have had up until the date of the Agreement under the statutes and regulations pertaining to this lawsuit. Specifically, plaintiff agrees to release defendants from liability under the FLSA, the NYLL, and any other statutory, regulatory and/or common law claims arising out of his employment with

6

defendants, except any claim for breach or enforcement of this Agreement. Accordingly, the Agreement's release language is fairly tailored to the instant litigation and should be approved as fair and reasonable. See Yunda v. SAFI-G, Inc., No. 15 Civ. 8861, 2017 WL 1608898, at *3 (S.D.N.Y. April 28, 2017) (collecting cases in which the Courts grant settlement approval containing general releases that are tailored to the claims brought in the original complaint).

### C.    Attorney's Fees

Pursuant to plaintiff's retainer agreement with his counsel, the attorney's fees and costs of this case ($33,333.33) shall be deducted from the $100,000.00 gross settlement. See Mot. Settl. at 2. Plaintiff shall be paid the remainder, ($66,666.67.) Id. at 3.

The Court evaluates the reasonableness of the attorney's fees under 29 U.S.C. § 216(b) and NYLL § 663(1) to ensure that the simultaneous negotiation of fees and the settlement amount does not create a conflict between counsel's interest in fees and plaintiff's interest in obtaining the best possible recovery. See Wolinsky, 900 F. Supp. 2d at 336.  Although there is a "greater range of reasonableness" where "the parties [have] settled on the fee through negotiation," Misiewicz v. Gen. Contractors Corp., No. 08 CV 4377 (KAM) (CLP), 2010 WL 2545439, at *5 (E.D.N.Y. May 17, 2010), report and recommendation adopted, 2010 WL 2545472 (E.D.N.Y. June 18, 2010), the Court "must carefully scrutinize the settlement and the circumstances in which it was reached . . . ." Wolinksy, 900 F. Supp. 2d at 336.  To assess the reasonableness of the proposed attorney's fees, a court will review contemporaneous billing records documenting, for each attorney, the date, the hours expended, and the nature of the work done to calculate the lodestar amount. Id. (citing N.Y. State Ass'n for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1148 (2d Cir. 1983); see also Run Guo Zhang v. Lin Kumo Japanese Restaurant, Inc., No. 13 Civ. 6667 (PAE), 2015 WL 5122530,

7

\*2 (S.D.N.Y. Aug. 31, 2015).  A court may adjust the fee upward or downward from the lodestar amount based on other considerations.  Wolinksy, 900 F. Supp. 2d at 336 (citations omitted).

Plaintiff's counsel seeks $33,333.33 (or 33%) of the total settlement award as attorney's fees and costs.  Plaintiff's counsel's billing records reflect a total of 184.45 hours worked on this case. See Billing Records, ECF No. 121 at 18. Plaintiff's counsel notes that he is taking "significantly less than the amount of his actual attorney's fees and costs." Mot. Settl. At 3. Courts in this Circuit "typically approve attorneys' fees that range between 30 and 33 1/3%." Rodriguez-Hernandez v. K Bread & Co., Inc., No. 15 Civ. 6848, 2017 WL 2266874, at \*5 (S.D.N.Y. May 23, 2017) (collecting cases); see also Run Guo Zhang, 2015 WL 5122530, at \*4 (reducing attorney's fees to one-third of the settlement award noting that "[a] fee in excess of one-third of the settlement amount disserve[s] the FLSA's important interest in fairly compensating injured plaintiffs").

I find that one-third of the total settlement award is a fair and reasonable attorney's fee in this action. "[A] one-third contingency fee is a commonly accepted fee in this Circuit." Calle v. Elite Specialty Coatings, Inc., No. 12 CV 6126 (NGG), 2014 WL 6621081, at \*3 (E.D.N.Y. Nov. 19, 2014); Rangel v. 639 Grand St. Meat & Produce Corp., No. 13 CV 3234 (LB), 2013 WL 5308277, at \*1 (E.D.N.Y. Sept. 19, 2013) ("This fee arrangement [of one third of the settlement amount plus costs] is routinely approved by courts in this Circuit."); Rodriguez-Hernandez, 2017 WL 2266874, at \*7 (finding "30% of the total settlement [to be] a reasonable and appropriate attorney's fee award).  Thus, I respectfully recommend that plaintiff's request for attorney's fees and costs should be approved.

## CONCLUSION

Mr. Powers zealously represented plaintiff's interests in this matter, including the successful appeal of the initial grant of summary judgment. He should be commended for his

willingness to accept less than his full fee in order to resolve this case. The Court also acknowledges the skillful advocacy of defendants' counsel who was instrumental in getting this case to resolve. The parties to this action have gotten way more than due process regarding their dispute. Although they may never see eye to eye regarding this matter, they are well served to put this case to rest.

For the foregoing reasons, it is respectfully recommended that the Court should approve the parties' instant motion for settlement approval. If this Report is adopted, the parties should file a stipulation discontinuing this case with prejudice within fourteen days of the Court's Order.

### FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections (and any responses to objections) shall be filed with the Clerk of the Court. Any request for an extension of time to file objections must be made within the fourteen-day period. Failure to file a timely objection to this Report generally waives any further judicial review. Marcella v. Capital Dist. Physician's Health Plan, Inc., 293 F.3d 42 (2d Cir. 2002); Small v. Sec'y of Health & Human Servs., 892 F.2d 15 (2d Cir. 1989); see Thomas v. Arn, 474 U.S. 140 (1985).

SO ORDERED.

                                                             /S/
                                           LOIS BLOOM
                                           United States Magistrate Judge

Dated: February 14, 2019
       Brooklyn, New York